**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LUIS LARA, | ) Case No.: 1:23-cv-01176-SKO (HC) |
| Petitioner, | ) ORDER GRANTING MOTION FOR STAY AND ABEYANCE |
| v. | ) |
| CHRISTIAN PFEIFFER, Acting Warden, | ) [THIRTY DAY DEADLINE] |
| Respondent. | ) |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented in this action by Aaron Spolin, Esq. On August 7, 2023, Petitioner filed the instant petition for writ of habeas corpus challenging his 2019 conviction in Kern County Superior Court for attempted murder, burglary, robbery, and assault with a firearm. (Doc. 1.) In addition, he filed a motion for stay pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). (Doc. 2.) As discussed below, the Court will grant a stay of proceedings.

**DISCUSSION**

I.      Stay and Abeyance

A petition may be stayed pursuant to the procedure set forth by the Ninth Circuit in <u>Kelly</u>, 315 F.3d 1063. Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and

1

3) the petitioner later amends the petition to include the newly exhausted claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A Kelly stay does not require a finding of good cause. Id. at 1140.

Petitioner presents three grounds for relief: 1) He claims the People failed to present sufficient evidence to sustain Petitioner's robbery conviction; 2) He contends that counsel rendered ineffective assistance; and 3) He claims the prosecution failed to disclose exculpatory evidence. Petitioner states that Ground One is fully exhausted in the state courts. He also states that Ground Two, to the extent he argued that trial counsel was ineffective for failing to request a pinpoint instruction on after-formed intent ("Ground Two(A)"), was also exhausted in the state courts. Ground Two, to the extent he contends that counsel was ineffective for failing to present a full and fair defense at trial ("Ground Two(B)"), and Ground Three have not yet been exhausted in the state courts. Petitioner seeks to have Grounds Two(B) and Three dismissed without prejudice, the case stayed pursuant to Kelly, and the exhausted claims held in abeyance while he returns to state court to exhaust Grounds Two(B) and Three. Following the Kelly procedure, the Court will grant a stay of the proceedings.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion for stay is GRANTED;
2) Petitioner is DIRECTED to file an amended petition deleting the unexhausted claims within thirty (30) days of the date of service of this order;
3) Petitioner is DIRECTED to file a status report within sixty (60) days of filing his amended petition, and then every sixty (60) days thereafter; and
4) Following final action by the California Supreme Court, Petitioner is DIRECTED to notify the Court by filing a motion to lift the stay along with an amended petition setting forth the exhausted claims within thirty (30) days of the date of the California Supreme Court's decision.

IT IS SO ORDERED.

Dated:   **August 9, 2023**              /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE